APPHIA BRONAUGH *v.* MERADAY NEAL.

In doubtful cases the conclusion should be in favor of the party who strives to avoid a loss, rather than in favor of one who seeks a gain.

One sued as security on the promissory note of an insolvent, may plead in compensation and reconvention an amount of money due the principal debtor, in the hands of plaintiff, for which the latter had given no consideration; and interest will be allowed on it from the date of the judgment.

APPEAL from the District Court for the parish of Rapides, *King*, J.

*Thomas* and *Ogden*, for the plaintiff and appellant.

*Dunbar*, *Hyams* and *Elgee*, for defendant.

MARTIN, J. The plaintiff claims of the defendant, as the surety of James Price, the sum of three thousand two hundred dollars, &c., on a promissory note. The defendant, among other pleas, claimed in compensation and reconvention the sum of one thousand dollars, which he alleges the plaintiff received from Price, the defendant's principal. The plaintiff had judgment for three thousand two hundred dollars with interest, &c., subject to a deduction of six hundred and three dollars, to take effect from the first day of January, 1839. The plaintiff appealed. The defendant has prayed that the judgment may be amended, so as to allow him the sum of one thousand dollars on the note sued upon, to take date from the 19th of October, 1837, instead of the credit of six hundred and three dollars, to take effect from 1st January, 1839, as allowed by the judgment. The plaintiff and appellant contends on her part, that the credit of six hundred and three dollars has been improperly allowed. And the only question submitted to us is, whether this allowance is to be sustained, or increased as required by the defendant and appellee. The statement of facts shows, that the plaintiff received one thousand dollars from Price, the defendant's principal and her debtor, on a verbal sale of two slaves, for which she promised to make title on the payment of the balance of the price; instead of completing this payment, Price clandestinely got possession of the slaves, and removed with them to the State of Mississippi. The defendant and appellee went with Goodwin, who was employed by the plaintiff and appellant, to pursue Price and regain possession of the slaves, which was obtained after a law suit,

and they are now with her. The district court deducted from the thousand dollars paid by Price to the plaintiff and appellant, the expenses she had incurred in the pursuit in the recovery of the slaves, and allowed the balance to the defendant and appellee in compensation and reconvention. Her counsel has contended that the court erred, as Price could not have recovered the money he had paid her as long as she was able and willing to perform her part of the contract, in part payment of which she had received it; and that the defendant and appellee can have no greater right against her therefor, than his principal, Price. The counsel of the defendant and appellee has replied, that it is in proof that she has received Price's money, and that if she has done so on a contract which Price cannot legally enforce against her, nor she against him, that it is in her hands without consideration, and that she cannot retain it without enriching herself at the expense of Price and the defendant and appellee. Had she not pursued Price for the clandestine abduction of the slaves, she might have legally enforced the contract by alleging a delivery of the slaves to him by her, which he could not contradict, and establish the same by propounding interrogatories to him ; but this is now too late for her to do. It is a legal axiom, that in cases of doubt and difficulty the conclusion ought to be in favor of the party *qui certat de damno vitando*, rather than in favor of the party *qui certat de lucro captando.*

As to the time at which this allowance is to take effect, so as to stop *pro tanto* the interest recovered by the plaintiff against the defendant, three periods have been presented to us; the time when the plaintiff received the thousand dollars, the date of the plea in compensation and reconvention, and that of the judgment. The last appears to us the proper one, as it is the period of the liquidation of the debt.

It is therefore ordered, that the judgment of the district court be affirmed, but that it be so amended, that the allowance of $603 do take effect but from the date of the judgment appealed from ; the defendant and appellee paying costs in both courts.